# EXHIBIT 1

DECLARATION OF ASSISTANT FIELD OFFICE DIRECTOR

<u>IMMACULATA GUARNA-ARMSTRONG</u>

Pursuant to the authority of 28 U.S.C. § 1746, I, Immaculata Guarna-Armstrong the Assistant Field Office Director for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts declare as follows:

1. I am an Assistant Field Office Director ("AFOD") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE").

2. I have served as an AFOD for approximately eight (8) years. Prior to holding my current position, I served as Supervisory Detention and Deportation Officer four (4) years.

3. Included in my official duties as an AFOD in Burlington, Massachusetts is the responsibility for managing and monitoring the scheduling and execution of removal orders for aliens in ICE custody. I am familiar with ICE policies and procedures for detaining individuals in order to initiate removal proceedings or to effectuate removal orders as well as releasing individuals from ICE custody.

4. I have experience utilizing ICE record systems to obtain information regarding specific aliens. ICE maintains electronic and paper records on aliens in the course of its regularly conducted business activity. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events. In preparing this declaration, I have examined ICE official records, including the Enforce Alien Removal Module ("EARM") and PLAnet. EARM is the ICE electronic database utilized by ERO to maintain information regarding the custody and

removal status of aliens. PLAnet is the ICE electronic database maintained by ICE's Office of the Principal Legal Advisor as a case and document management system. These databases are the electronic records ordinarily relied upon to ascertain an alien's immigration and criminal history, current case status, and plans for removal, if any.

5. In the course of preparing this declaration, I have examined the official records available to me regarding the immigration history and custody status of Soeun Kim ("Petitioner"), Administrative File No. 027-324-330. I have also discussed this case internally with Deportation Officers and Supervisory Detention and Deportation Officers.

6. The Petitioner is a citizen and national of Cambodia. The Petitioner was admitted to the United States in 1984 as a refugee and adjusted his status to a Lawful Permanent Resident in 1985.

7. The Petitioner was convicted in 2000 in the Cumberland County Superior Court (ME), for the offense of robbery and burglary. He was sentenced to 19 years of imprisonment for these offenses. These convictions stemmed from the Petitioner, while armed and masked, entering an individual's apartment and taking money, wallets, jewelry, ATM cards, cell phones, and jackets from a group of people playing cards in the apartment.

8. The Petitioner was also convicted in 2003 in the Rockland County Superior Court (ME), for the offense of aggravated assault. He was sentenced to two years and six months of imprisonment for this offense. This offense stemmed from the Petitioner attacking a Corrections Officer while he was incarcerated.

9. On April 21, 2014, ICE detained the Petitioner upon his release from the Knox County Jail. ICE served the Petitioner with a Notice to Appear on April 21, 2014 and instituted

removal proceedings against him as his criminal record rendered him removable from the United States.

10. On June 26, 2014, an immigration judge in the Boston immigration court denied his claim for protection under the Convention Against Torture and ordered the Petitioner removed from the United States. The Petitioner did not perfect an appeal of this order.

11. ICE released the Petitioner from custody on November 18, 2014 pursuant to an Order of Supervision per 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. The Petitioner's Order of Supervision required him to assist with ICE in obtaining any necessary travel documents.

12. The Cambodian government requires an in-person interview in order to verify citizenship prior to issuing a travel document. As such, ICE scheduled the Petitioner for an interview set to occur on March 27, 2019 in Conroe, Texas. To facilitate the interview, ICE mailed the Petitioner a notice on March 5, 2019 providing that it intended to revoke his release and take him into custody in order to execute his final order of removal and requiring him to report to a local ICE office in 15 days for such purpose. ICE then revoked the Petitioner's Order of Supervision and took him into custody on March 20, 2019.

13. As required by 8 C.F.R. § 241.4(l), on March 20, 2019 ICE provided the Petitioner with a Notice of Revocation of Release to provide him with the reasons for his revocation of release. ICE also conducted an informal interview with the Petitioner on this same date to inform him for the reasons for his revocation of release. Also on March 20, 2019, ICE provided Petitioner with notice that it would be conducting a further custody review to determine whether he should remain in detention or be released on an Order of Supervision.

14. On May 14, 2019, ICE learned from ICE's Headquarters and Removal and International Operations ("HQ-RIO") unit that the Cambodian government had issued a travel document.

15. On May 21, 2019, HQ-RIO issued the Petitioner with a Decision to Continue Detention letter after conducting a custody review. HQ-RIO noted that ICE had obtained a travel document for his removal and also noted the Petitioner's criminal record.

16. Also, on May 21, 2019, ICE manifested the Petitioner for a charter removal flight which was scheduled to depart the United States on July 2, 2019.

17. On June 24, 2019, ICE transferred the Petitioner to Alexandria, Louisiana in order to stage him for removal from the United States.

18. However, ICE removed the Petitioner from the scheduled charter removal flight to ensure he could participate in the investigation process for a claim he made that he was assaulted by a correctional staff in June 2019.

19. On August 15, 2019, HQ-RIO issued the Petitioner with a Decision to Continue Detention letter after conducting a custody review. HQ-RIO again noted that ICE had obtained a travel document for his removal and also noted the Petitioner's criminal record.

20. ICE determined on November 4, 2019 that it could proceed with removal based upon the status of the assault investigation.

21. On November 7, 2019, ICE requested that the Cambodia Government re-issue the Petitioner's travel document as it had expired. On November 14, 2019, the Government of Cambodia indicated that it had agreed to renew the expired travel document.

22. On November 14, 2019, HQ-RIO issued the Petitioner with a Decision to Continue Detention letter after conducting a custody review. HQ-RIO noted that ICE expected to receive a travel document for his removal and also noted the Petitioner's criminal record.

23. On December 4, 2019, ICE obtained a travel document for the Petitioner.

24. ICE is therefore in the final process of scheduling the Petitioner for removal from the United States. ICE is seeking to remove the Petitioner via a commercial airline as it is more expeditious to remove via commercial airline rather than wait for the scheduling of a charter removal flight to Cambodia.

25. ICE has tentatively scheduled Petitioner's removal flight to occur during the week of January 5, 2020. ICE is awaiting confirmation of the itinerary with its travel service provider. ICE will provide the Court with an update as soon as his removal flight is confirmed.

26. As of December 12, 2019, ICE has no information to indicate that the Petitioner has filed a motion to reopen with the Boston immigration court in an effort to seek to reopen his removal proceedings and seek relief from removal. ICE also has no information to indicate that Petitioner's United States citizen spouse has filed an I-130, Petition for Alien Relative on his behalf. ICE also has not received an I-246, Application for a Stay of Removal from the Petitioner.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on the Twelfth day of December, 2019

_____

Immaculata Guarna-Armstrong

Assistant Field Office Director

U.S. Department of Homeland Security

United States Immigration and Customs Enforcement

Burlington, Massachusetts